UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JONATHON G. PLASTER, JR.,<br><br>               Petitioner,<br><br>v.<br><br>ISCI WARDEN KEITH YORDY,<br><br>               Respondent. | Case No. 1:15-cv-00170-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Petitioner Jonathon G. Plaster, Jr.'s Petition for Writ of Habeas Corpus. (Dkt. 1.) Respondent has filed a Motion for Summary Dismissal, arguing that all of Petitioner's claims are procedurally defaulted and/or noncognizable. (Dkt. 11.) The Motion is now ripe for adjudication. The Court takes judicial notice of the records from Petitioner's state court proceedings, which have been lodged by Respondent. (Dkt. 10.) *See* Fed. R. Evid. 201(b); *Dawson v Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006).

The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c). (Dkt. 8.)

**MEMORANDUM DECISION AND ORDER - 1**

Having carefully reviewed the record, including the state court record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order granting the Motion and dismissing this case with prejudice.

## BACKGROUND

In 2005, Petitioner was charged, in the Fifth Judicial District Court in Cassia County, Idaho, with two counts of lewd conduct with a child under the age of sixteen, in violation of Idaho Code § 18-1508, and one count of sexual abuse of a child under the age of sixteen years, in violation of Idaho Code § 18-1506. (State's Lodging B-5 at 1.) Pursuant to a binding plea agreement, Petitioner entered a conditional *Alford*[1] plea, to a single count of lewd conduct. Even though the plea agreement called for a specific sentence of thirty years in prison with seven years fixed, the trial court ordered a psychosexual evaluation prior to sentencing. (*Id.* at 1-2; State's Lodging A-5, Plea Agreement, at 2.)

During the psychosexual evaluation, Petitioner was advised by the examiner "that he had the right to remain silent, that anything he said could and would be used against him, that he had the right to have an attorney present during the assessment, and that he had the right to stop answering questions at any time." (State's Lodging B-5 at 2.)

---

[1]     *See North Carolina v. Alford*, 400 U.S. 25, 35 (1970) (approving the use of a "plea by which a defendant does not expressly admit his guilt, but nonetheless waives his right to a trial and authorizes the court for purposes of the case to treat him as if he were guilty").

**MEMORANDUM DECISION AND ORDER - 2**

Petitioner waived those rights. During the evaluation, Petitioner "admitted to sex crimes . . . in addition to those acts charged in the original information." (*Id*.)

Petitioner later filed a motion to withdraw his plea in the 2005 case. The trial court granted Petitioner's motion, rendering the plea agreement void.

Then, in 2008, before trial on the 2005 charges, the State charged Petitioner with eight counts of lewd conduct and two counts of sexual abuse, based primarily on Petitioner's statements during the psychosexual evaluation conducted by order of the court in the 2005 case. (*Id*.) The State later amended the 2008 information to allege seven counts of lewd conduct and one count of sexual abuse.

Prior to trial, the prosecution filed a motion in limine regarding the admissibility of the statements Petitioner made in the course of the psychosexual evaluation. (*Id*.) The trial court ruled that the statements were admissible in the 2008 case, and that case was consolidated with the 2005 case for purposes of trial.

Petitioner and the State again reached a plea agreement. Petitioner entered a conditional *Alford* plea to seven counts of lewd conduct and one count of sexual abuse, as alleged in the amended information in the 2008 case, reserving the right to appeal only the trial court's ruling on the motion in limine. (*Id*.) The 2005 case was dismissed. (State's Lodging A-4 at 27-28.) Petitioner was sentenced to a total of forty years in prison with twenty years fixed. (*Id*. at 33.)

On direct appeal, Petitioner challenged the trial court's ruling on the admissibility of Petitioner's statements during the psychosexual evaluation in the 2008 case, arguing

**MEMORANDUM DECISION AND ORDER - 3**

that the admission of those statements was fundamentally unfair. His entire argument was as follows:

> Mindful of the fact that [Petitioner's] participation in the psychosexual evaluation in the [2005 case] was not required as part of the plea agreement with the State and would not factor into his sentence in any way, and mindful of the fact that [Petitioner] moved to withdraw his plea and, thereby, knowingly withdrew from his plea agreement with the State, [Petitioner] nevertheless contends that, because the admissions made during the psychosexual evaluation were made in reliance on the original plea agreement, it was fundamentally unfair for the district court to have ruled that the State could use those admissions against him even after the plea agreement had been vacated.

(State's Lodging B-2 at 11.) Petitioner cited two federal criminal cases in support of his argument: *United States v. Escamilla*, 975 F.2d 568 (9th Cir. 1992), and *United States v. Ventura-Cruel*, 356 F.3d 55 (1st Cir. 2003).

The Idaho Court of Appeals affirmed Petitioner's convictions, holding that it was not fundamentally unfair to allow the statements made during Petitioner's previous psychosexual evaluation to be used against Petitioner in the later prosecution. The court relied on the following facts: (1) Petitioner was advised of his rights prior to making the incriminating statements; (2) nothing in the plea agreement induced Petitioner to make such statements; (3) Petitioner—not the State—voluntarily withdrew from the plea agreement; and (4) the statements were voluntary. (State's Lodging B-5 at 4.) The court also noted that Petitioner had not provided any "relevant authority" in support of his claim of fundamental unfairness. (*Id.*)

**MEMORANDUM DECISION AND ORDER - 4**

Petitioner filed a petition for review with the Idaho Supreme Court, relying on the briefs reviewed by the Idaho Court of Appeals. (State's Lodging B-6.) The Idaho Supreme Court denied the petition for review without comment. (State's Lodging B-7.)

Petitioner later filed a pro se petition for state post-conviction relief, in which he specified that he was not seeking counsel to represent him. (State's Lodging C-1 at 25.) Petitioner alleged ineffective assistance of counsel, prosecutorial misconduct, and judicial misconduct. (*Id.* at 23.) The state district court dismissed the petition, and Petitioner appealed.

On appeal from the dismissal of the postconviction petition, Petitioner—now represented by counsel—raised a single issue: whether the court improperly dismissed the petition without granting Petitioner's requests for discovery.[2] (State's Lodging D-1.) Petitioner cited the First, Fifth, and Fourteenth Amendments when asserting that the denial of discovery violated Petitioner's "right to access . . . the courts and his right to due process." (*Id.* at 1.) He argued that the state district court abused its discretion by denying the discovery requests and, in turn, dismissing the petition. The Idaho Court of Appeals affirmed the dismissal of the post-conviction petition, and the Idaho Supreme Court denied review. (State's Lodging D-4, D-5, D-7.)

---

[2]    Petitioner's post-conviction appellate attorney framed this argument as two distinct issues: (1) "Were [Petitioner's] requests for discovery improperly denied?" and (2) Was [Petitioner's] petition improperly dismissed?" (State's Lodging D-1 at 6.) However, as revealed by the body of the brief, Petitioner actually made a single broad argument—that the trial court should not have dismissed the petition without first allowing discovery. (*See id.* at 6-10.)

**MEMORANDUM DECISION AND ORDER - 5**

Shortly thereafter, Petitioner filed a pro se successive post-conviction petition in the state district court. (State's Lodging E-1 at 7-55.) The court dismissed the petition, and Petitioner appealed. (*Id*. at 109-19.) The Idaho Court of Appeals affirmed. (State's Lodging F-6.) Petitioner did not file a petition for review with the Idaho Supreme Court, and the Idaho Court of Appeals issued the remittitur. (State's Lodging F-7.)

In the instant federal habeas corpus petition, Petitioner asserts the following claims[3]:

| | |
|---|---|
| Claim 1: | Violation of the Fourth Amendment based on an officer's entrance into Petitioner's home without consent and without presenting a warrant. |
| Claim 2: | Violation of the Fifth Amendment based on the alleged denial of a grand jury. |
| Claim 3: | Violation of due process based on allegedly "vague allegations." |
| Claim 4: | Violation of the Fifth Amendment based on alleged "pre-indictment delay." |
| Claim 5: | Violations of the Fifth, Eighth, and Fourteenth Amendments based on an excessive bond. |
| Claim 6: | Equal Protection violation of equal protection based on the amount of the bond. Petitioner also cites the Fifth and Eighth Amendments in this claim. |

---

[3]     The Court adopts Respondent's construction of the claims in the Petition. (*See* Dkt. 11-1 at 6-9.) The Court agrees that the claims are best construed in this manner, and Petitioner has not objected to that construction.

**MEMORANDUM DECISION AND ORDER - 6**

Claim 7:     "Vindictive/Malicious Prosecution" in violation of the Fifth, Sixth, Eighth, and Fourteenth Amendments.

Claim 8:     Ineffective assistance of counsel in the 2005 case.

Claim 10[4]:     Violations of "Due Process, Equal Protection, Ineffective Assistance, Cruel & Unusual" based on Petitioner's having to appear in court in restraints and jail clothes.

Claim 11:     Violation of Petitioner's Sixth Amendment right to a speedy trial. Petitioner also cites the Fifth and Fourteenth Amendments in support of this claim.

Claim 12:     "Deliberate Indifference," in violation of the Eighth Amendment,[5] based on Petitioner's allegedly inadequate health care while in custody and substandard conditions of confinement. Petitioner also cites the Fifth and Fourteenth Amendments in support of this claim.

Claim 13:     Cruel and unusual punishment, in violation of the Eighth Amendment, based on Petitioner's placement in segregation following a fight with another inmate in which Petitioner was "defending himself." Petitioner also cites the Fifth and Fourteenth Amendments in support of this claim.

Claim 14:     Due process violation based on alleged withholding of evidence with respect to the State's motion in limine. Petitioner also cites

---

[4]     Petitioner has withdrawn Claim 9.

[5]     Petitioner cites the "*Eighteenth*" Amendment in reference to this claim of deliberate indifference. However, the Court assumes this is a typographical error, as Petitioner's assertions actually implicate the Eighth Amendment.

**MEMORANDUM DECISION AND ORDER - 7**

the Fifth and Eighth Amendments in support of this claim.

Claim 16[6]:  Violations of the Sixth, Eighth, and Fourteenth Amendments and "Prejudice" resulting from the "court not replacing ineffective counsel" David Haley.

Claim 17:  Violations of the Fifth, Eighth, and Fourteenth Amendments resulting from a denial of Petitioner's request for a furlough to attend his grandmother's funeral.

Claim 18:  Violations of the Fifth, Sixth, and Fourteenth Amendments based on alleged delay with respect to Petitioner's motion to withdraw his plea in the 2005 case.

Claim 19:  Violations of the Sixth, Eighth, and Fourteenth Amendments based on "pretrial delay."

Claim 20:  Violations of the Fifth, Sixth, Eighth, and Fourteenth Amendments due to alleged "Vindictive/Malicious Prosecution" in the 2008 case, based on the State's decision to charge Petitioner with additional crimes following the withdrawal of his plea in the 2005 case.

Claim 21:  Violations of the Fifth, Sixth, Eighth, and Fourteenth Amendments because the state "waited" until January 2008 to file charges, five months after its notice of intent to file, and eleven months after the withdrawal of Petitioner's guilty plea.

Claim 22:  Ineffective assistance of counsel by attorney Keith Roark.

Claim 23:  Violations of the Fifth, Sixth, Eighth, and Fourteenth Amendments based on allegedly

---

[6]  Petitioner has withdrawn Claim 15.

**MEMORANDUM DECISION AND ORDER - 8**

              "coerced statement[s]" made to the psychosexual evaluator.

Claim 24:    Violations of the Fifth, Sixth, Eighth, and Fourteenth Amendments based on the timing of the charges filed in the 2008 case.

Claim 25:    Violations of the Fifth, Sixth, Eighth, and Fourteenth Amendments based on dismissal of charges in the 2005 case and, again, alleged delay as to the 2008 case.

Claim 26:    "False Claims; Vindictive/Malicious Prosecution" at sentencing, including statements by the prosecutor (a) that Petitioner was dishonorably discharged from the Army and (b) regarding Petitioner's efforts to "do the right thing."

Claim 27:    Violations of the Fifth, Eighth, and Fourteenth Amendments based on the denial of Petitioner's request for a furlough to attend his grandmother's funeral.

Claim 28:    Ineffective assistance of counsel by attorney D. Brown.

(Petition, Dkt. 1 through Dkt. 1-4.)[7]

      Respondent argues that some of these claims are noncognizable and that all of them are subject to dismissal as procedurally defaulted. For the reasons that follow, the Court agrees.

---

[7]    The Court has not described Plaintiff's Idaho state constitutional claims, because such claims are not cognizable in federal habeas proceedings and, therefore, are subject to summary dismissal. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law.").

**MEMORANDUM DECISION AND ORDER - 9**

## DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Where appropriate, a respondent may file a motion for summary dismissal, rather than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

## 1.    Some of Petitioner's Claims Are Subject to Dismissal as Noncognizable

### A.    *Standard of Law*

Federal habeas corpus relief may be granted on claims adjudicated on the merits in a state court judgment when the federal court determines that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

### B.    *Discussion*

As explained in footnote 7, all of Petitioner's claims based on Idaho state law cannot be considered in this federal habeas corpus action. Further, Claims 12, 13, 17, and 27 are noncognizable because they "do[] not fall within the 'core of habeas corpus.'" *Nettles v. Grounds*, 830 F.3d 922, 925 (9th Cir. 2016) (en banc) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973)). Rather, these claims assert civil rights violations that must be brought, if at all, in a civil action pursuant to 42 U.S.C. § 1983. *Id.*

Moreover, Plaintiff's grand jury claim (Claim 2) is noncognizable because the Fifth Amendment right to grand jury indictment, applicable in *federal* prosecutions, does not extend to state prosecutions. *Hurtado v. California*, 110 U.S. 516, 538 (1884); *see*

**MEMORANDUM DECISION AND ORDER - 10**

*also Gautt v. Lewis*, 489 F.3d 993, 1003 n.10 (9th Cir. 2007) ("[T]his Fifth Amendment right has not been incorporated into the Fourteenth Amendment so as to apply against the states.").

Finally, Plaintiff's Fourth Amendment claim (Claim 1) is noncognizable based on the doctrine established in *Stone v. Powell*, 428 U.S. 465 (1976). In *Stone*, the United States Supreme Court held that, so long as the state provided the petitioner an opportunity for full and fair litigation of his Fourth Amendment claim in state court, a federal court cannot grant habeas corpus relief on the ground that evidence was obtained in violation of the Fourth Amendment. *Id.* at 494. "The relevant inquiry is whether petitioner had the *opportunity* to litigate his claim, not whether he did in fact do so or even whether the claim was correctly decided." *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996) (emphasis). Because Petitioner had a full and fair opportunity to litigate his Fourth Amendment claim in state court, it is not cognizable in this habeas corpus action.

For the foregoing reasons, Claims 1, 2, 12, 13, 17, and 27—as well as all of Petitioner's claims based on Idaho state law—will be dismissed as noncognizable.

**2.    All of Petitioner's Claims Are Subject to Dismissal as Procedurally Defaulted**

In addition to asserting that some of Petitioner's claims are noncognizable, Respondent also argues that all of Petitioner's claims are procedurally defaulted.

### A.    *Standard of Law*

A habeas petitioner must exhaust his or her remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To do so, the petitioner must invoke one complete round of the state's

**MEMORANDUM DECISION AND ORDER - 11**

established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id.* at 845. In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have presented all of his federal claims at least in a petition seeking review before that court. *Id.* at 847. "Fair presentation" requires a petitioner to describe both the operative facts and the legal theories upon which the federal claim is based. *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996).

The mere similarity between a federal claim and a state law claim, without more, does not satisfy the requirement of fair presentation. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam). General references in state court to "broad constitutional principles, such as due process, equal protection, [or] the right to a fair trial," are likewise insufficient. *See Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). In *Duncan v. Henry*, the United States Supreme Court clarified that state appellate courts must not be left to guess whether a petitioner is presenting a constitutional issue:

> If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

513 U.S. 364, 365-66 (1995) (per curiam).

**MEMORANDUM DECISION AND ORDER - 12**

The United States Court of Appeals for the Ninth Circuit has recognized at least four different ways to properly present a federal claim in state court. The first is to "explicitly" reference specific provisions of the federal Constitution or federal statutes. *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir. 2000), *as amended*, 247 F.3d 904 (9th Cir. 2001). Proper exhaustion in this manner "demands more than drive-by citation, detached from any articulation of an underlying federal legal theory." *Castillo v. McFadden*, 399 F.3d 993, 1003 (9th Cir. 2005).

The second way to properly present a federal issue in a state court appellate brief is to cite to federal case law that directly supports one's claim. *Lyons*, 232 F.3d at 668-69. The citation of "irrelevant federal or state cases does not provide a state court with a fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim." *Castillo*, 399 F.3d at 1001 (internal quotation marks omitted); *see also Hiivala*, 195 F.3d at 1107 (holding that the petitioner did not properly exhaust his sufficiency of the evidence claim in state court because he "neither cited the Fourteenth Amendment nor any federal case law involving the legal standard for a federal Constitutional violation predicated upon a claim of insufficiency of the evidence to support a state law conviction").

The third way is to cite "state cases involving the legal standard for a federal constitutional violation," rather than to cite a specific constitutional provision. *Castillo*, 399 F.3d at 999. To satisfy the exhaustion requirement in this manner, the state cases

cited in the state court appellate brief must "engage[] in a federal constitutional analysis." *Fields v. Waddington*, 401 F. 3d 1018, 1021 (9th Cir. 2005).

The fourth way to accomplish proper exhaustion is to "refer[] to a state constitutional right when the contours of the federal and state constitutional rights are identical." *Sanders v. Ryder*, 342 F.3d 991, 1000 (9th Cir. 2003). Where the state courts have held that the right under the state constitution is coextensive with the federal constitutional right, and have analyzed both types of claims under federal standards, the federal aspect of the claim is considered properly presented to the state courts, so long as there is nothing in the briefing suggesting that the petitioner meant to allege "specifically," "consistently," and "exclusively" a violation of his state constitutional right. *Id.* at 999.

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and it is clear that the state court would now refuse to consider it because of the state's procedural rules, the claim is said to be procedurally defaulted. *Gray*, 518 U.S. at 161-62. Procedurally defaulted claims include those within the following circumstances: (1) when a petitioner has completely failed to raise a claim before the Idaho courts; (2) when a petitioner has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts; and (3) when the Idaho courts have rejected a claim on an adequate and independent state procedural ground. *Id.*; *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

**MEMORANDUM DECISION AND ORDER - 14**

To be an "adequate" state ground, a procedural bar must be one that is "'clear, consistently applied, and well-established at the time of the petitioner's purported default." *Martinez v. Klauser*, 266 F.3d 1091, 1093 (9th Cir. 2001) (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)). A state procedural bar is "independent" of federal law if it does not rest on, and if it is not interwoven with, federal grounds. *Bennett v. Mueller*, 322 F.3d 573, 581 (9th Cir. 2003).

If a petitioner's claim is procedurally defaulted, a federal district court cannot hear the merits of the claim unless the petitioner meets one of two exceptions: (1) a showing of adequate legal cause for the default and prejudice arising from the default, or (2) a showing of actual innocence, which means that a miscarriage of justice will occur if the constitutional claim is not heard in federal court. *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Schlup v. Delo*, 513 U.S. 298, 329 (1995).

Neither an assertion of cause and prejudice nor an assertion of actual innocence under *Schlup* is an independent constitutional claim. Rather, these are federal *procedural* arguments that, if sufficiently established by the petitioner, allow a federal court to consider the merits of an otherwise procedurally-defaulted constitutional claim.

### B.    Petitioner's Claims Are Procedurally Defaulted

The most straightforward manner in which to resolve the exhaustion and procedural default status of Petitioner's federal claims is to review which claims were raised and addressed on the merits in the state court appellate proceedings.

On direct appeal, Petitioner argued that the admission of Petitioner's inculpatory statements, which he made during his psychosexual evaluation, was fundamentally

**MEMORANDUM DECISION AND ORDER - 15**

unfair. (State's Lodging B-2 at 11.) Petitioner did not explicitly cite to any federal constitutional provision. Further, Petitioner cited only two cases for this proposition: *United States v. Escamilla* and *United States v. Ventura-Cruel*, both of which involved statements made by defendants pursuant to plea agreements—statements that were later used against the defendants at trial, after the plea agreement was rendered void.

Although *Escamilla* and *Ventura-Cruel* are both federal cases, neither directly supports any federal constitutional claim. *See Hiivala*, 195 F.3d at 1107. These cases were not decided on any constitutional basis, but on contractual principles. In *Escamilla*, the plea agreement did not state whether the defendant's statements could be used against him in the event the plea agreement was rendered void. 975 F.2d at 571-72. Therefore, "[i]n light of the absence of any evidence that the parties to the plea agreement contemplated the use of Escamilla's confession against him at trial and the fundamental unfairness of allowing the government to keep the benefit of its bargain while denying Escamilla his," the Ninth Circuit held that the statements should not have been admitted at trial. *Id.* at 572. In addition, allowing the statements would not bring the parties back to the same positions they had been in before they reached the plea agreement. *Id.* at 571.

In *Ventura-Cruel*, the First Circuit held that the use of a confession made during a pre-sentence investigation before a plea agreement was rendered void was fundamentally unfair. 356 F.3d at 63-64. Like *Escamilla*, the holding in *Ventura-Cruel* was based on contractual principles—that the government should not receive the benefit of its bargain when the defendant does not receive the benefit of his. The First Circuit expressly stated

**MEMORANDUM DECISION AND ORDER - 16**

that it did "not reach the constitutional grounds" implicated by the use of the statements. *Id*. at 63.

Neither of the cases that Petitioner relied on in the Idaho appellate courts involved the legal standard for any particular federal constitutional claim, and Petitioner did not expressly rely on any state or federal constitutional provision. *See Lyons*, 232 F.3d at 668-69. Therefore, Petitioner's direct appeal did not serve to exhaust any of his current habeas claims.[8]

On appeal from the dismissal of Petitioner's initial post-conviction petition, Petitioner made a passing reference to Petitioner's "right to access . . . the courts and his right to due process" and nominally mentioned the First, Fifth, and Fourteenth Amendments. (State's Lodging D-1 at 1.) However, citation to such "broad constitutional principles" do not constitute fair presentation. *Hiivala*, 195 F.3d at 1106. Petitioner argued only that his requests for discovery should have been granted under state law and that, therefore, the state court erred by dismissing the petition. Petitioner's post-conviction appellate briefing did not serve to exhaust any federal constitutional claim.

---

[8]    Because Petitioner did not raise any federal claims in his state court appellate briefs, the Court need not address Respondent's argument that the petition for review filed in the Idaho Supreme Court was insufficient to constitute proper exhaustion because the petition was submitted on the briefs previously filed, rather than on a separate brief in support of review. (*See* Dkt. 11-1 at 11-12.) The Court notes, however, that this argument is likely without merit. The Idaho Supreme Court denied the petition for review without comment. (State's Lodging B-7.) Therefore, this Court would presume that the state court denied the petition for review on the merits, not because Petitioner failed to file a separate brief. *See Harrington v. Richter*, 562 U.S. 86, 99 (2011) ("When a . . . claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary.").

**MEMORANDUM DECISION AND ORDER - 17**

Finally, Petitioner did not properly exhaust any of his claims during his successive post-conviction proceedings because, after the Idaho Court of Appeals affirmed the dismissal of that petition, he did not file a petition for review with the Idaho Supreme Court. *See O'Sullivan*, 526 U.S. at 845-847.

For the foregoing reasons, none of Petitioner's claims are exhausted. Because it is now too late to exhaust them in state court, *see Gray*, 518 U.S. at 161-62, all of the claims are procedurally defaulted.

### C. *Petitioner Has Not Shown Cause and Prejudice, or Actual Innocence, to Excuse the Procedural Default of His Claims*

The Court's conclusion that Petitioner's habeas claims are procedurally defaulted does not end the inquiry. As stated above, a federal court can still hear a procedurally defaulted claim if the petitioner establishes cause and prejudice, or actual innocence, to excuse that default. *See Coleman*, 501 U.S. at 731; *Schlup*, 513 U.S. at 329.

In Petitioner's Response to the Motion for Summary Dismissal, he states that he should not be expected "to defend himself against . . . a juggernaut" like the State, which has access to the "abundant and influential resources of the Idaho Attorney General's Office." (Dkt. 13 at 2.) Petitioner received mostly failing grades in his senior year of high school, and he has "what can be considered a potentially debilitating mental health disorder." (*Id.*) Petitioner also claims that the legal resources in the prison are "sub-standard" because (1) inmates often are not provided with "access to courts forms," (2) Petitioner has been unable to review the Federal Rules of Civil Procedure, and (3) legal

**MEMORANDUM DECISION AND ORDER - 18**

books are sometimes checked out by other inmates and, therefore, inmates must at times wait "another week for a replacement." (*Id.* at 4.)

To establish "cause" to excuse a procedural default, the petitioner is required to show that "some objective factor *external to the defense* impeded counsel's efforts [or those of a pro se petitioner] to comply with the State's procedural rule." *Murray*, 477 U.S. at 488 (emphasis added). The only external factor on which Petitioner relies is the prison's allegedly inadequate legal resources. However, Petitioner's description of the restrictions on these resources do not establish that they impeded his efforts to properly exhaust his federal claims either on appeal or during state post-conviction proceedings. The Federal Rules of Civil Procedure are not applicable in Idaho state court, there is no evidence suggesting that the prison's access to courts forms are required for inmates to pursue a direct appeal or post-conviction relief in state court, and Petitioner has not explained how having to wait a mere week for a legal book could possibly have caused him to forfeit his federal constitutional claims during direct appeal or state post-conviction proceedings.

Neither has Petitioner established actual innocence to excuse the default of his claims. Actual innocence in this context "means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). In asserting actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*,

**MEMORANDUM DECISION AND ORDER - 19**

513 U.S. 298, 324 (1995). A procedurally defaulted claim may be heard under the miscarriage of justice exception only if "in light of all of the evidence, 'it is more likely than not that no reasonable juror would have found [Petitioner] guilty beyond a reasonable doubt.'" *United States v. Avery*, 719 F.3d 1080, 1083 (9th Cir. 2013) (quoting *Schlup*, 513 U.S. at 327). Stated another way, it must be more likely than not that *every* reasonable juror would vote to acquit.

This is an extremely demanding standard that "permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006). A court considering whether a petitioner has established actual innocence must consider "all the evidence, old and new, incriminating and exculpatory, admissible at trial or not." *Lee v. Lampert*, 653 F.3d 929, 938 (9th Cir. 2011) (en banc) (internal quotation marks omitted). The actual innocence analysis "does not turn on discrete findings regarding disputed points of fact, and '[i]t is not the district court's independent judgment as to whether reasonable doubt exists that the standard addresses.'" *House v. Bell*, 547 U.S. 518, 539-40 (2006) (quoting *Schlup*, 513 U.S. at 329 (alteration in original)). Rather, the court must "make a probabilistic determination about what reasonable, properly instructed jurors would do." *Schlup*, 513 U.S. at 329.

Petitioner has submitted no evidence tending to show that he is actually innocent. Therefore, that doctrine does not apply to excuse the procedural default of Petitioner's habeas claims.

**MEMORANDUM DECISION AND ORDER - 20**

## CONCLUSION

For the foregoing reasons, the Petition will be dismissed with prejudice.

## ORDER

**IT IS ORDERED:**

1.      Respondent's Motion for Extension of Time to File Answer or Pre-Answer

Motion (Dkt. 9) is GRANTED.

2.      Respondent's Motion for Summary Dismissal (Dkt. 11) is GRANTED, and

the Petition is DISMISSED with prejudice.

3.      The Court does not find its resolution of this habeas matter to be reasonably

debatable, and a certificate of appealability will not issue. *See* 28 U.S.C.

§ 2253(c); Rule 11 of the Rules Governing Section 2254 Cases. If

Petitioner wishes to appeal, he must file a timely notice of appeal with the

Clerk of Court. Petitioner may seek a certificate of appealability from the

Ninth Circuit by filing a request in that court.

DATED: **December 21, 2016**

_____

Honorable Candy W. Dale
United States Magistrate Judge